UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DAVID VIGIL, KENDRA VIGIL,**

   *Plaintiffs*,

v.                                                     Case No.  SA-24-CV-01206-JKP

**ROSS A. RODRIGUEZ, MICHELE RODRIGUEZ,**

   *Defendants*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants/Third-Party Plaintiffs David Vigil and Kyndra Vigil's (the Vigils) Motion for Partial Declaratory Default Judgment against Defendants/Third-Party Defendants Ross A. Rodriuez and Michele Rodriguez (the Rodriguezes). *ECF No. 1*. The Rodriguezes did not respond. Upon consideration, the Court GRANTS the Motion and enters Default Judgment against Ross A. Rodriuez and Michele Rodriguez. The Vigils shall provide a proposed order stating the requested declaratory relief **on or before September 15, 2025**. If the Vigils fail to timely respond to this Court Order, this case may be dismissed for failure to prosecute.

**Factual Background**

This case originated as part of a related matter, *Carrington Mortgage Services v Ross A. Rodriquez, Michelle Rodriguez, David Vigil, Kyndra Vigil*, No. 5:23-cv-841 ("the Original 841 suit"). Defendants Ross and Michele Rodriguez executed a mortgage loan secured by their residence; the loan is currently owned by Carrington. *ECF No. 7 ¶ 15*. Later, the Rodriguezes sold

the property to Defendants David and Kyndra Vigil through a wrap-around mortgage, which made the Rodriguezes' lien on the property subordinate to the lien held by Carrington. *Id. ¶¶ 19-21*. Complicating matters, the property deed provided by the Rodriguezes to the Vigils in the wrap-around mortgage contained an incorrect legal description. *ECF No. 32 at 6-7*. This prevented the Vigils from being able to refinance the property with Carrington for years and "prevented a new lender from obtaining a valid lien on the property." *Id*. The Rodriguezes refused to provide a corrected deed. The Vigils paid the Rodriguezes pursuant to the contract between these parties; however, the Rodriguezes failed continue payment on their mortgage held by Carrington, resulting in default. *Id*.

Carrington then filed suit, the Original 841 suit, against the Rodriguezes and the Vigils. Upon filing the Original 841 suit, the Rodriguezes failed to file an answer or otherwise appear or participate. *ECF Nos. 3,5,14,16 (and Text Order granting issued 10/23/23)*. Carrington obtained a Clerk's Entry of Default against the Rodriguezes and filed a Motion for Default Judgment. *ECF Nos. 23,24,28*. The Vigils, then, filed an Amended Answer asserting claims against the Rodriguezes and requesting the Court enter Declaratory Judgment correcting the Deed to reflect a proper legal description and requesting the Court enter Judgment against the Rodriguezes for all sums the Vigils paid them which were not forwarded to Carrington. *ECF No. 32*. Although served with the Vigils' Amended Answer asserting cross-claims, the Rodriguezes did not Answer or otherwise respond. *ECF Nos. 33,34,35,36,39*. The Court dismissed Carrington's Motion for Default Judgment. *ECF No. 38*.

The Court held a status conference on June 12, 2024, to discuss a path forward. Carrington and the Vigils appeared at this conference through counsel. *ECF Nos. 44,46*. At the conference and on the record, the Court and parties agreed to the following plan: first, the Vigils would

move for a Clerk's Entry of Default against the Rodriguezes. Next, the Vigils would file a motion for entry of default judgment only as to their claim against the Rodriguezes seeking a deed reformation and ask the court to sever that claim. The Court would then stay the case pending reformation of the deed, allowing Carrington and the Vigils to explore refinancing options. All remaining claims would be between Carrington and the Rodriguezes, which would be resolved as appropriate. *ECF No. 46*.

On June 12, 2024, following sufficient service of summons upon the Rodriguezes and due to their failure to file an Answer or otherwise appear, the Vigils Plaintiffs obtained a Clerk's Entry of Default against the Rodriguezes. *ECF No. 45*. On August 2, 2024, The Vigils moved for a default judgment and requested severance of their claims against the Rodriguezes so those claims could become final. *ECF No. 47*. The Court severed the Vigils claims against the Rodriguezes, resulting in this action and the present pending Motion for Default Judgment. *ECF No. 48.* The Rodriguezes did not file a Response, and the Court now considers the Motion for Default Judgment as unopposed within the severed case, *Carrington Mortgage Services v. Ross A. Rodriguez, Michele Rodriguez, David Vigil, and Kyndra Vigil*; 5:24-cv-1206, *ECF No. 1*.

## Legal Standard

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon

3

satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F.Supp.3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to ad-

4

mit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's Complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F. Supp. 3d at 814. Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

## Discussion

### 1. Initial Procedural Requisites

The record reveals the Rodriguezes failed to file an Answer after sufficient substitute service and expiration of the appropriate deadline and failed to otherwise appear or defend this action. The Original 841 suit, *ECF Nos. 3,5,14,16 (and Text Order granting issued 10/23/23),23, 32,-36,39*. This Court issued an Order of entry of default against Defendants, satisfying the first two procedural requisites for a default judgment. *Id. at ECF No. 42*. The Vigils filed this Motion for Default Judgment. *Id. at ECF No. 47*; *The Severed 1206 suit, ECF No. 1*.

Accordingly, the Vigils satisfied all procedural requisites to seek default judgment against Defendants. *See* Fed. R. Civ. P. 55.

### 2. Substantive Merit of Default Judgment

**Step One: Whether Default Judgment Is Appropriate**

Federal Rule 55 permits a default judgment as the consequence of a defendant's failure to answer should other circumstances also support this harsh remedy. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973).

The record reveals the Court gave the Rodriguezes ample notice and opportunity to file an Answer or otherwise appear as required by Rule 55. The record also reveals the Rodriguezes

failed to appear at the Court's status conference or otherwise participate in the Original 841 suit. Such failure to respond to a court order and failure to appear at a court hearing constitutes sufficient grounds for a default judgment. *See McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928 (1968).

Because the Rodriguezes failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See Lindsey*, 161 F.3d at 893; *see also Nishimatsu Constr.*, 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F.Supp.3d 817, 824–25 (W.D. Tex. 2020). The Rodriguezes' failure to respond threatens to prejudice Carrington and the Vigils' undisputed interest. *See id*. Nothing before the Court indicates the Rodriguezes silence is the result of a good faith mistake or excusable neglect.

For these reasons, the Court finds default judgment is procedurally warranted.

**Step Two: Whether There is a Sufficient Basis in the Pleadings for the Judgment**

Due to the entry of default, the Rodriguezes are deemed to have admitted the allegations outlined in the Complaint and the Vigils' Amended Answer asserting crossclaims. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether Carrington and the Vigils plead a sufficient basis for their claim for relief under Federal Rule 8. *See id.*

In the Complaint and as reflected in the Amended Answer, the Vigils set forth facts discussed above, now deemed as true based upon the Rodriguezes' failure to answer.

Based upon these alleged facts deemed as true, the Court concludes the Vigils plead and proved a sufficient basis for the requested Declaratory Judgment.

**Step Three: Form of Relief**

The Vigils hold the burden to establish its entitlement to recovery. *Freeman*, 605 F.2d at 857. Based upon the recognized presentations to this Court and the Rodriguezes' failure to respond, the Vigils satisfied this burden. Consequently, the Court concludes the Vigils' requested declaratory relief is appropriate, and the Court will enter judgment to that effect. However, the Vigils failed to provide for the Court any proposed Order or proposed Declaratory Judgment. For this reason, the Court cannot enter Final Judgment at this time.

## Conclusion

Based on the foregoing, the Court **GRANTS** the Vigils' Motion for Default Judgment against the Rodriguezes. The Vigils shall provide a proposed order stating the requested declaratory relief **on or before September 15, 2025**. If the Vigils fail to timely respond to this Court Order, this case may be dismissed for failure to prosecute.

It is so ORDERED.
SIGNED this 3rd day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE